IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Allied Van Lines, Inc., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> iMove, Inc., a New York corporation <br><br> Defendant. | ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

Plaintiff Allied Van Lines, Inc. ("ALLIED") states the following for its Complaint against Defendant iMove, Inc. ("Defendant"):

## NATURE OF THE ACTION

1. This is a civil action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") for trademark infringement, false advertising, false designation of origin, unfair competition; cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 *et seq.,* and common law unfair competition.

## PARTIES

2. ALLIED is a Delaware corporation with its principal place of business located at One Parkview Plaza, Oakbrook Terrace, Illinois 60181.

3. Defendant is a New York corporation with a place of business at 53-35 194th Street, Fresh Meadows, New York 11365. Defendant operates and interactive website located at

www.iMoveUSA.com and ALLIED is informed and believes that Defendant is the registrant of the iMoveUSA.com domain name.

## JURISDICTION AND VENUE

4. This action arises under 15 U.S.C. §§ 1114 and 1125(a) & (d) and under the common law of the State of Illinois. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claims). This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has may exercise personal jurisdiction over the Defendant under the Illinois Long-Arm Statute, because Defendant have transacted business in Illinois by engaging in long distant moves into Illinois and caused an injury in this State by marketing its transportation services to Illinois consumers using its interactive website located at www.iMoveUSA.com.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred here; and (b) the Defendant is subject to personal jurisdiction here. Further, Defendant has committed acts of infringement, cybersquatting, and unfair business practices in this District, and has caused injury in this District.

7. This case involves an amount in controversy in excess of seventy-five thousand dollars ($75,000.00) for the damages suffered by ALLIED directly, exclusive of costs and interest.

**GENERAL ALLEGATIONS**

8. ALLIED and Defendant are in the business of selling and/or offering for sale transportation services, including moving services.

9. Since 2003, in addition to its own transportation services, ALLIED has provided additional services whereby consumers can access a website and obtain information regarding the availability and costs for moving companies in all fifty states of the United States. The website is identified as "iMOVE" and is located at www.imove.com. Through this website consumers provide information as to the location of their proposed move, proposed dates and additional information and receive information as to moving companies in their area. A screenshot from the website is attached hereto as **Exhibit A**.

10. Since at least 2003, ALLIED has been marketing these services using the trademark IMOVE.COM. ("IMOVE Mark"). ALLIED is the owner of a Registration in the United States Patent and Trademark Office for IMOVE.COM, Registration No. 3,585,186 for services described as "providing information via a website in the field of transport and travel information." ("'186 Registration"). The '186 Registration is incontestable under 15 U.S.C. §1065. A copy of the Certificate of Registration for the '186 Registration is attached as **Exhibit B**.

11. ALLIED has expended considerable resources in building the goodwill associated with its IMOVE Mark in connection with information services provided thereon and the relationships with various transport companies throughout the United States that may be referred to from the website.

12. ALLIED has continuously marketed and its transportation services, including the services provided at www.imove.com throughout the United States, including this judicial

district. Based on ALLIED's consistent and extensive use, the IMOVE Mark has become widely and favorably known, and has acquired extensive goodwill.

13. ALLIED is currently, and at all relevant times hereto, has been the exclusive owner of all property rights in the IMOVE Mark.

14. Under the Lanham Act, ALLIED has exclusive rights to the registered IMOVE.COM trademark with respect to the services identified in the registration. In addition, the incontestable status of the registration serves as conclusive evidence of ALLIED's right to use the IMOVE.COM mark in commerce, pursuant to 15 U.S.C. § 1115(b), in connection with the identified services.

## DEFENDANT'S INFRINGING USE AND UNFAIR COMPETITION

15. ALLIED recently learned that Defendant had commenced business under the tradename iMove, Inc. for transportation and moving services and had acquired the domain name www.iMoveUSA.com. A copy of screenshots from Defendant's website is attached hereto as **Exhibit C**.

16. Defendant's use of the iMove, Inc. trade name and iMoveUSA.com domain name ("Infringing Marks") infringes ALLIED's IMOVE Mark, has caused confusion among consumers, and has resulted in damages to ALLIED and has diminished its goodwill and reputation.

17. The transportation services offered by Defendant directly compete with the services provided by ALLIED under the IMOVE Mark and the services are provided through overlapping channels of trade, primarily over the Internet.

18. The Infringing Marks used by Defendant are confusingly similar if not identical to the IMOVE Mark and Defendant uses the same format with a lower case "i", and such will cause confusion amongst consumers as to the source of the services advertised and sold by Defendant.

19. The Infringing Marks and IMOVE Mark are similar in appearance, similar in sound, and similar in meaning.

20. The Infringing Marks are confusingly similar to the IMOVE Mark, which is owned by ALLIED and the domain name associated with the website, www.imove.com.

21. Defendant knowingly and willfully uses the Infringing Marks so as to suggest that Defendant's transportation services originate from or are sponsored or endorsed by ALLIED and its imove.com website.

22. ALLIED is informed and believes that Defendant acted with a bad faith intent to profit from its registration and use of the iMoveUSA.com. domain name when the domain name was registered in April 2016. Defendant is informed and believes that, given ALLIED's existing domain name of www.imove.com and its registration of the IMOVE.COM Mark, Defendant knew of ALLIED's website and the IMOVE Mark and that Defendant lacked any intellectual property rights in the domain name www.iMoveUSA.com or the Infringing Marks at the time it registered the domain name. This is further supported by Defendant's use of "imoveinc5@gmail.com" as the contact information for its registration of the www.iMoveUSA.com, domain name as shown in the registration information attached as **Exhibit D**. Use of the domain name, as well as the use of "imove" in the contact information evidences Defendant's intent to divert customers from ALLIED's online location for commercial gain.

## COUNT ONE
### Federal Trademark Infringement
### (Lanham Act Section 32 (15 U.S.C. §§ 1114))

23. ALLIED incorporates by this reference each and every allegation contained in paragraphs 1-22, above, as though fully set forth herein.

24. ALLIED owns all right, title and interest in and to the IMOVE Mark and is the owner of the '186 Registration.

25. Defendant's use of the Infringing Marks has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services originate from ALLIED, are associated or connected with ALLIED, or have the sponsorship, endorsement, or approval of ALLIED.

26. Defendant used, and continues to use, a mark that is confusingly similar to ALLIED's federally registered mark in violation of 15 U.S.C. §1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among consumers and, additionally, cause injury to ALLIED's goodwill and reputation as symbolized by the federally registered IMOVE Mark, for which ALLIED has no adequate remedy at law.

27. Defendant's actions are and were an intentional, willful, and malicious intent to trade on the goodwill associated with ALLIED's federally registered IMOVE Mark, to ALLIED's great and irreparable injury.

28. Defendant caused and is likely to continue to cause substantial injury to consumers and to ALLIED, and ALLIED is entitled to injunctive relief and to recover Defendant's profits, actual damages, trebled profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT TWO
### Federal Unfair Competition
### (Lanham Act Section 43(a) (15 U.S.C. §1125(a))

29. ALLIED incorporates by this reference each and every allegation contained in paragraphs 1-28, above, as though fully set forth herein.

30. ALLIED owns all rights, title and interest in and to the IMOVE Mark.

31. Defendant's use of the Infringing Marks has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services originate from ALLIED, are associated or connected with ALLIED, or have the sponsorship, endorsement, or approval of ALLIED.

32. Defendant made, and continues to make, false representations, false descriptions, and false designations of origin of its services, and has infringed ALLIED's common law rights in the IMOVE Mark, in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among consumers and, additionally, cause injury to ALLIED's goodwill and reputation as symbolized by the IMOVE Mark, for which ALLIED has no completely adequate remedy at law.

33. Defendant's actions are and were an intentional, willful, and malicious intent to trade on the goodwill associated with the IMOVE Mark, to ALLIED's great and irreparable injury.

34. Defendant has caused and is likely to continue to cause substantial injury to the public and to ALLIED, and ALLIED is entitled to injunctive relief and to recover Defendant's profits, actual damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT THREE
### Anticybersquatting Consumer Protection Act
### (15 U.S.C. §1125(d))

35. ALLIED incorporates by this reference each and every allegation contained in paragraphs 1-34, above, as though fully set forth herein.

36. ALLIED is informed and believes that Defendant registered and is using the iMoveUSA.com domain name in bad faith.

37. The IMOVE Mark was distinctive and incontestable at the time of Defendant's registration of the iMoveUSA.com domain name.

38. The iMoveUSA.com domain name is confusingly similar to the IMOVE Mark.

39. ALLIED owns the common law rights to the IMOVE Mark and owns the '187 Registration for the IMOVE.COM mark with the United States Patent and Trademark Office.

40. Defendant has no bona fide use of the iMoveUSA.com domain name.

41. ALLIED is informed and believes that Defendant's intent in registering and using the iMoveUSA.com domain name was and is to divert consumers from the ALLIED's online location to Defendant's website solely to harm the goodwill of the IMOVE Mark and ALLIED for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the content of the Defendant's website.

42. Defendant is using the iMoveUSA.com domain name without authorization from ALLIED and with the bad faith intent to mislead and deceive the public.

43. The aforesaid actions constitute cyberpiracy in violation of § 43(d) of the Trademark Act of 1946 (as amended), 15 U.S.C. § 1125(d).

44. Defendant's unauthorized registration and use of the iMoveUSA.com domain name has, is, and, unless remedied, will continue to cause injury to ALLIED and the goodwill ALLIED has built in the IMOVE Mark and its business reputation.

45. ALLIED has no adequate remedy at law.

## COUNT FOUR
## ILLINOIS DECEPTIVE TRADE PRACTICES
## (815 Ill. Comp. Stat. § 510/1 et seq.)

46. ALLIED incorporates by this reference each and every allegation contained in paragraphs 1-45, above, as though fully set forth herein.

47. Defendant's use of the Infringing Marks has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services originate from ALLIED, are associated or connected with ALLIED, or have the sponsorship, endorsement, or approval of ALLIED.

48. ALLIED has sustained injury to its business' reputation and goodwill, and Defendant has unlawfully derived income and profits from its wrongful acts.

49. Unless enjoined by this Court, these acts by Defendant will continue to violate ALLIED's rights and cause injury to ALLIED.

50. ALLIED have no adequate remedy at law.

51. By virtue of the aforementioned acts, Defendant has engaged in conduct in violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*

## COUNT FIVE
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (815 Ill. Comp. Stat. § 505/1, et seq.)

52. ALLIED incorporates by this reference each and every allegation contained in paragraphs 1-51, above, as though fully set forth herein.

53. The Illinois Consumer Fraud and Deceptive Business Practices Act expressly prohibits "any practice described in Section 2 of the Uniform Deceptive Practices Act." 815 ILCS § 505/2.

54. Defendant uses, continues to use, and intends to continue to use the Infringing Marks without permission from ALLIED, and thus willingly, knowingly, and intentionally violates ALLIED's rights by its unauthorized use, as to suggest to the public that there exists an association or affiliation between ALLIED's and Defendant's services, or that ALLIED has sponsored or endorsed Defendant's services, when it has not.

55. Defendant's conduct causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its goods.

56. The public and the market generally, by way of Defendant's acts alleged herein, will be harmed by the consumer confusion caused by Defendant's misrepresentation of the origin, quality, characteristics, and source of its services.

57. By its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled to receive.

58. ALLIED, by way of Defendant's acts alleged herein, has suffered, and will continue to suffer damage and competitive injury to its business, reputation, and goodwill.

59. By virtue of the aforementioned acts, Defendant has engaged in conduct in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.*

## COUNT SIX
### Common Law Unfair Competition

60. ALLIED incorporates by this reference each and every averment contained in paragraphs 1-59, above, as though fully set forth herein

61. ALLIED owns all right, title and interest in and to the IMOVE Mark.

62. Defendant's use of the Infringing Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services originate from ALLIED, or are associated or connected with ALLIED, or have the sponsorship, endorsement, or approval of ALLIED.

63. The natural and probable tendency and effect of Defendant's conduct is to deceive the public so as to pass off the services or business of Defendant as and for that of ALLIED.

64. Defendant has caused and is likely to continue to cause substantial injury to the public and to ALLIED, and ALLIED is entitled to injunctive relief and to recover Defendant's profits, actual damages, costs, and reasonable attorney's fees.

65. Defendant's wrongful conduct was willful and deliberate or recklessly indifferent to the rights of ALLIED, warranting an award of punitive damages under Indiana common law.

## PRAYER

WHEREFORE, ALLIED prays the Court enter judgment in its favor and award ALLIED relief as follows:

1. That the Court permanently restrain and enjoin Defendant, its agents, servants, employees, and other persons in active concert with Defendant from any and all further use of the Infringing Mark or any other mark confusingly similar to the IMOVE Mark;

2. That the Court permanently restrain and enjoin Defendant, its agents, servants, employees, and other persons in active concert with Defendants, from any and all further use of any domain name incorporating the words "imove" or "imoveusa";

3. That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the Court and serve upon ALLIED within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. That ALLIED be awarded all damages incurred as a direct and proximate cause of Defendant's unlawful conduct;

5. That ALLIED recover from Defendant all amounts, including profits, received by Defendant as a direct and proximate cause of Defendant's unlawful conduct;

6. That ALLIED recover from Defendant exemplary and punitive damages, based on its willfulness and/or reckless indifference to ALLIED's trademark rights, available under Illinois common law;

7. That Defendant pay ALLIED's reasonable attorney's fees, based on its willful and deliberate conduct in this exceptional case pursuant to 15 U.S.C. § 1117(a) and 815 Ill. Comp. Stat. §510/3;

8. That ALLIED be awarded prejudgment interest;

9. That ALLIED be awarded post-judgment interest;

10. That the Court find Defendant registered and used the iMoveUSA.com domain name in violation of the ACPA and order Defendant to transfer the iMoveUSA.com domain name to ALLIED and order Defendant to pay ALLIED $100,000 in statutory damages;

11. That because of the exceptional nature of this case resulting from Defendant's deliberate and willful infringing actions, the Court award to Plaintiff all reasonable

attorneys' fees, costs, and disbursements incurred by them as a result of this action pursuant to 15 U.S.C. §1117(a); and

12. That the Court grant ALLIED such other and further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

ALLIED requests a jury trial for all causes of action so triable.

Dated: November 6, 2017     Respectfully submitted,

/s/Bryan P. Sugar
Bryan P. Sugar
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
550 West Adams Street, Suite 300
Chicago, IL 60661
Telephone: 312-345-1718
**Attorney for Plaintiff Allied Van Lines, Inc.**