# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Allied Van Lines, Inc., a Delaware corporation, | ) ) ) ) Case No. 1:17-cv-08021 |
| Plaintiff, | ) ) |
| v. | ) Judge Charles P. Kocoras ) Magistrate Judge Cox |
| iMove, Inc., a New York corporation | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM, OPINION AND ORDER
## ENTERING DEFAULT JUDGMENT

Before the Court is Allied Van Lines' ("Allied") Motion for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) against Defendant iMove, Inc. ("Defendant"). As discussed herein, Allied's Motion is granted in its entirety.

## NATURE OF ACTION

This is a civil action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") for trademark infringement, false advertising, false designation of origin, unfair competition; cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 *et seq.,* and common law unfair competition. Docket 1; Complaint ¶ 1.

## PROCEDURAL HISTORY

Defendant was properly served with the summons and complaint in this matter on November 20 2017. Proof of service was filed with the Court, and Defendant's responsive pleading was due on December 7, 2017. *See* Docket No. 8. The Court permitted an extension of

time for Defendant to answer or otherwise plead by January 8, 2018.  See Docket No. 10.  No responsive pleading was filed.  *See* Docket generally.

On January 11, 2018, Defendant was found to be in default by the Court and default was entered against Defendant in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.  Docket No. 11.

Allied notified Defendant of its Motion for Entry of Default Judgment by serving a copy of the Motion for Default and the instant Memorandum of Law in support thereof, with exhibits, on Defendant by regular and certified U.S. mail at least seven days prior to presentment of the Motion.  Defendant did not respond.

When the Court determines that a defendant is in default, the factual allegations of the Complaint are taken as true and may not be challenged, and Defendant is liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).  Allied, therefore, has shown the following:

**FINDINGS OF FACT**

Plaintiff Allied is a Delaware corporation with its principal place of business located at One Parkview Plaza, Oakbrook Terrace, Illinois 60181.  Docket 1; Complaint ¶ 2.  Defendant is a New York corporation with a place of business at 53-35 194th Street, Fresh Meadows, New York 11365.  Defendant operates and interactive website located at www.iMoveUSA.com, and Defendant is the registrant of the iMoveUSA.com domain name.  *Id.* ¶ 3.

Allied and Defendant are in the business of selling and/or offering for sale transportation services, including moving services.  *Id.* ¶ 8.  Since 2003, in addition to its own transportation services, Allied has provided additional services whereby consumers can access a website and obtain information regarding the availability and costs for moving companies in

all fifty states of the United States. The website is identified as "iMOVE" and is located at www.imove.com. Through this website consumers provide information as to the location of their proposed move, proposed dates and additional information and receive information as to moving companies in their area. A screenshot from the website is attached to the Complaint as Exhibit A. *Id.* ¶ 9.

Since at least 2003, Allied has been marketing these services using the trademark IMOVE.COM. ("IMOVE Mark"). ALLIED is the owner of a Registration in the United States Patent and Trademark Office for IMOVE.COM, Registration No. 3,585,186 for services described as "providing information via a website in the field of transport and travel information." ("'186 Registration"). The '186 Registration is incontestable under 15 U.S.C. §1065. A copy of the Certificate of Registration for the '186 Registration is attached to the Complaint as Exhibit B. *Id.* ¶ 10.

Allied has expended considerable resources in building the goodwill associated with its IMOVE Mark in connection with information services provided thereon and the relationships with various transport companies throughout the United States that may be referred to from the website. *Id.* ¶ 11. ALLIED has continuously marketed and its transportation services, including the services provided at www.imove.com throughout the United States, including this judicial district. Based on Allied's consistent and extensive use, the IMOVE Mark has become widely and favorably known, and has acquired extensive goodwill. *Id.* ¶ 12.

Allied is currently, and at all relevant times hereto, has been the exclusive owner of all property rights in the IMOVE Mark. *Id.* ¶ 13. Under the Lanham Act, Allied has exclusive rights to the registered IMOVE.COM trademark with respect to the services identified in the registration. In addition, the incontestable status of the registration serves as conclusive evidence

of Allied's right to use the IMOVE.COM mark in commerce, pursuant to 15 U.S.C. § 1115(b), in connection with the identified services. *Id.* ¶ 14.

Allied recently learned that Defendant had commenced business under the tradename iMove, Inc. for transportation and moving services and had acquired the domain name www.iMoveUSA.com. A copy of screenshots from Defendant's website is attached to the Complaint as Exhibit C. *Id.* ¶ 15.

Defendant's use of the iMove, Inc. trade name and iMoveUSA.com domain name ("Infringing Marks") infringes Allied's IMOVE Mark, has caused confusion among consumers, and has resulted in damages to ALLIED and has diminished its goodwill and reputation. *Id.* ¶ 16.

The transportation services offered by Defendant directly compete with the services provided by Allied under the IMOVE Mark and the services are provided through overlapping channels of trade, primarily over the Internet. *Id.* ¶ 17. The Infringing Marks used by Defendant are confusingly similar if not identical to the IMOVE Mark and Defendant uses the same format with a lower case "i", and such will cause confusion amongst consumers as to the source of the services advertised and sold by Defendant. *Id.* ¶ 18.

The Infringing Marks and IMOVE Mark are similar in appearance, similar in sound, and similar in meaning. *Id.* ¶ 19. The Infringing Marks are confusingly similar to the IMOVE Mark, which is owned by ALLIED and the domain name associated with the website, www.imove.com. *Id.* ¶ 20.

Defendant knowingly and willfully uses the Infringing Marks so as to suggest that Defendant's transportation services originate from or are sponsored or endorsed by Allied and its imove.com website. *Id.* ¶ 21. Defendant acted with a bad faith intent to profit from its

registration and use of the iMoveUSA.com. domain name when the domain name was registered in April 2016. Given Allied's existing domain name of www.imove.com and its registration of the IMOVE.COM Mark, Defendant knew of ALLIED's website and the IMOVE Mark and that Defendant lacked any intellectual property rights in the domain name www.iMoveUSA.com or the Infringing Marks at the time it registered the domain name. This is further supported by Defendant's use of "imoveinc5@gmail.com" as the contact information for its registration of the www.iMoveUSA.com, domain name as shown in the registration information attached to the Complaint as Exhibit D. Use of the domain name, as well as the use of "imove" in the contact information evidences Defendant's intent to divert customers from Allied's online location for commercial gain. *Id.* ¶ 22.

In addition, Allied submitted the declaration of Mary A. Smigielski, one of its attorneys. Ms. Smigielski's declaration establishes that as of January 16, 2018, Defendant had continued its willful, illegal use of Allied's trademark for promotion of its goods and services on its www.iMoveUSA.com website.

**ANALYSIS**

Jurisdiction

Allied has met its burden of establishing a *prima facie* case of personal jurisdiction over Defendant. *See uBID, Inc. v. GoDaddy Group Inc.,* 623 F.3d 421, 423 (7th Cir. 2010); *e.360 Insight v. The Spamhaus Project,* 500 F.3d 594, 599 (7th Cir. 2007). Because Defendant has chosen not to appear or produce any evidence regarding their illegal activities in Illinois, the allegations in the Complaint, which must be accepted as true, establish a *prima facie* case for personal jurisdiction against each Defendant. *(See* Compl. ¶¶ 2, 4, 8, 9 and 11-17.) *See Purdue Research Found v. Sanoll-Sythelabo,* S.A., 338 F.3d 773, 782 (7th Cir. 2003) ("When determining

whether a plaintiff has met his burden, jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by defendants' affidavits or exhibits.").

This action arises under 15 U.S.C. §§ 1114 and 1125(a) & (d) and under the common law of the State of Illinois. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claims). This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Docket 1; Complaint ¶¶ 4,7. This Court has personal jurisdiction over the Defendant under the Illinois Long-Arm Statute, because Defendant has transacted business in Illinois by engaging in long distant moves into Illinois and caused an injury in this State by marketing its transportation services to Illinois consumers using its interactive website located at [www.iMoveUSA.com](www.iMoveUSA.com). *Id.* ¶ 5.

Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred here, and Defendant is subject to personal jurisdiction here. Further, Defendant has committed acts of infringement, cybersquatting, and unfair business practices in this District, and has caused injury in this District. *Id.* ¶ 6.

Federal Rule of Civil Procedure 55(b)(2)

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment after default has been entered in accordance with Rule 55(a). A default judgment establishes, as a matter of law, that a Defendant is liable to a Plaintiff on each cause of action alleged in a complaint. *United States v. Di Mucci*, 879 F.2d1488, 1497 (7th Cir. 1989).

Liability

Default judgment is appropriate and is entered as to Counts 1 through 6 of the Complaint.

Defendant has engaged in willful trademark infringement in violation of the Lantham Act Section 32 (15 U.S.C. §1114) (Count 1) and unfair competition under the Lanham Act Section 43(a) (15 U.S.C. §1125(a)) (Count 2).

Allied has established that (1) its mark is distinctive enough to be worthy of protection, (2) defendant is not authorized to use its mark; and (3) defendant's use of its mark causes a likelihood of confusion. *See Neopost Indus. B.V. v. PFE Int'l Inc*., 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC*, 268 F.3d 494, 496-97 (7th Cir.2001)).

Because Defendant has failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in the Complaint as true. See Fed.R.Civ.P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co*., 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008) (*See also Hotel Employees and Rest. Employees Int'l Union Welfare Fund v. Billy's 1870 d/b/a Billy's Rest.*, 2004 WL 1879986, *1 (N.D. Ill. 2004) ("If a party fails to plead or otherwise defend against a claim for affirmative relief in accordance with the Federal Rules, that party is in default. Upon entry of default, all factual allegations contained within the complaint are deemed admitted.")

As set forth in the Statement of Facts, in the instant case, Allied owns all right, title and interest in and to the IMOVE Mark and is the owner of the '186 Registration, which is a distinctive mark. Federal registration of a trademark is *prima facie* evidence of ownership. *Dep't of Parks & Rec. v Bazaar Del Mundo, Inc.* 448 F.3d 1118, 1124 (9th Cir. 2006). Allied has never authorized the use of its mark by Defendant. Defendant's use of the Infringing Marks has

caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services originate from Allied, are associated or connected with Allied, or have the sponsorship, endorsement, or approval of Allied. Defendant used, and continues to use, a mark that is confusingly similar to Allied's federally registered mark in violation of 15 U.S.C. §1114.

Defendant made, and continues to make, false representations, false descriptions, and false designations of origin of its services, and has infringed Allied's common law rights in the IMOVE Mark, in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and will continue to cause a likelihood of confusion and deception among consumers and, additionally, cause injury to Allied's goodwill and reputation as symbolized by the IMOVE Mark. "[W]hen the evidence does show or require the inference that another's name was adopted deliberately with a view to obtain some advantage from the good will, good name, and good trade which another has built up, then the inference of likelihood of confusion is readily drawn…" *Fleischmann Distilling Corp. v. Maier Brewing Co.* 314 F.2d 149, 158 (9th Cir. 1963); *Gallo Winery*, 967 F2d 1293 ("[W]hen the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived.").

Defendant's activities have caused and will continue to cause a likelihood of confusion and deception among consumers and, additionally, cause injury to Allied's goodwill and reputation as symbolized by the federally registered IMOVE Mark. Defendant's actions are and were an intentional, willful, and malicious intent to trade on the goodwill associated with Allied's federally registered IMOVE Mark and caused and is likely to continue to cause substantial injury to consumers and to Allied.

Defendant has violated the Anti-cybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. §1125(d)) (Count 3).

In order to state a claim under the ACPA, a plaintiff must allege that (1) it had a distinctive or famous mark at the time the domain names were registered, (2) the defendants registered, trafficked in, or used domain names that are identical or confusingly similar to plaintiff's mark, and (3) the defendants had a bad faith intent to profit from that mark. 15 U.S.C. § 1125(D)(1)(a); *see also Vulcan Golf, LLC v. Google, Inc.*, 552 F. Supp. 2d 752, 763 (N.D. Ill. 2008).

Here, Defendant registered and is using the iMoveUSA.com domain name in bad faith. The IMOVE Mark was distinctive and incontestable at the time of Defendant's registration of the iMoveUSA.com domain name. The iMoveUSA.com domain name identical or confusingly similar to the IMOVE Mark. Allied owns the common law rights to the IMOVE Mark and owns the '187 Registration for the IMOVE.COM mark with the United States Patent and Trademark Office. Defendant has no bona fide use of the iMoveUSA.com domain name. Defendant's intent in registering and using the iMoveUSA.com domain name was and is to divert consumers from the Allied's online location to Defendant's website solely to harm the goodwill of the IMOVE Mark and Allied for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the content of the Defendant's website. Defendant is using the iMoveUSA.com domain name without authorization from Allied and with the bad faith intent to mislead and deceive the public.

The aforesaid actions constitute cyberpiracy in violation of § 43(d) of the Trademark Act of 1946 (as amended), 15 U.S.C. § 1125(d).

Defendant has violated the Illinois Deceptive Trade Practices (815 Ill. Comp. Stat. § 510/1 et seq.) (Count 4) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 Ill. Comp. Stat. § 505/1, et seq.) (Count 5) and is thus liable under Count 6 for Unfair Competition.

In Illinois, courts resolve unfair competition and deceptive trade practices claims "according to the principles set forth in the Lanham Act" and look to federal authority and apply the same analysis to state infringement claims. *Spex, Inc. v. The Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994) (citing *Thompson v. SpringGreen Lawn Care Corp.*, 126 Ill. App. 3d 99, 104-105 (Ill. App. Ct. 1984)). Determining likelihood of confusion under the Illinois Uniform Deceptive Trade Practices Act is similar to the Latham Act analysis. *Am. Broad. Co. v. Maljack Prod., Inc.*, 34 F. Supp. 2d 665, 681 (N.D. Ill. 1998).

Defendant's use of the Infringing Marks in Illinois has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services originate from Allied, are associated or connected with Allied, or have the sponsorship, endorsement, or approval of Allied. Allied has sustained injury to its business reputation and goodwill, and Defendant has unlawfully derived income and profits from its wrongful acts.

By virtue of the aforementioned acts, Defendant has engaged in conduct in violation of the Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.* The Illinois Consumer Fraud and Deceptive Business Practices Act expressly prohibits "any practice described in Section 2 of the Uniform Deceptive Practices Act." 815 ILCS § 505/2. Section 2 provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression

or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act. 815 ILCS § 505/2.

Here, Defendant uses and continues to use the Infringing Marks without permission from Allied, misrepresenting its identity and thus willingly, knowingly, and intentionally violating Allied's rights and suggesting to the public that there exists an association or affiliation between Allied's and Defendant's services, or that Allied has sponsored or endorsed Defendant's services, when it has not. Defendant's conduct causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its goods. The public and the market in Illinois generally, by way of Defendant's acts alleged herein, will be harmed by the consumer confusion caused by Defendant's misrepresentation of the origin, quality, characteristics, and source of its services. By its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled to receive. Allied, by way of Defendant's acts alleged herein, has suffered competitive injury to its business, reputation, and goodwill.

## CONCLUSION

It is hereby ordered that Allied Van Lines' Motion for Entry of Default Judgment is granted in its entirety and final judgment is entered against Defendant as follows:

1. Allied is awarded $2,000,000 for violations of the Lanham Act.
2. Allied is awarded $100,000 damages for Defendant's violation of the Anti-Cybersquatting Consumer Protection Act of 1999 ("ACPA").

3. Allied is Awarded $100,000 damages as exemplary and punitive damages for Defendant's willful and/or reckless indifference to Allied's trademark rights in accordance with the Illinois Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act and Illinois common law.

4. In accordance with the Illinois Interest Act, prejudgment interest is awarded in the amount of 5% and post judgment interest is awarded at the rate of 9% and shall accrue until the monetary judgment is satisfied.

5. A permanent injunction is hereby entered. Defendant, its agents, servants, employees, and other persons in active concert with Defendant are prohibited from any and all further use of term IMOVE or any other mark confusingly similar to the IMOVE Mark and from any and all further use of any domain name incorporating the words "imove", "imoveusa" or any other mark confusingly similar to same.

6. Within thirty (30) days of entry of judgment, Defendant shall file with the Court and serve upon Allied a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

7. Allied is entitled to its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and 815 Ill. Comp. Stat. §510/3 and shall file a motion for attorneys fees within twenty-one (21) days of January 25, 2018.

Dated 1/25/2018

_____
Judge of the District Court